**FULMORE v. JOHNSON et al.** (No. 7360.)

Court of Civil Appeals of Texas. Austin.
May 22, 1929.

Rehearing Denied June 19, 1929.

Cofer & Cofer, of Austin, for plaintiff in error.

Hart, Patterson & Hart, of Austin, for defendants in error.

McCLENDON, C. J. Fulmore, a real estate broker, sued Mrs. Johnson and her husband for 5 per cent. commission on property purchased by Mrs. Johnson. From a judgment in favor of the Johnsons upon a directed verdict, Fulmore has appealed. ·

The controlling question in the case is whether the evidence would support a finding that Fulmore was employed by Mrs. Johnson as her agent to purchase the property. Fulmore was the only witness in the case, and the following statement is the substance in brief of his testimony bearing upon this issue:

Fulmore was a real estate broker in Austin. Various properties in and around Austin were listed with him as agent by the owners, and these lists he published in a newspaper. Mrs. Johnson, who lived at·Round Rock, Williamson county, saw the publication, and on February 9, 1925, called at Fulmore's office with a view of making an investment. Fulmore drove her in his car to the various properties listed with him, but none of them suited her, and finally they passed a 10-acre tract near the Country Club, which belonged to Caswell. This tract appealed to Mrs. Johnson, and she expressed a desire to purchase it, asking Fulmore what he thought it could be bought for. He stated that he thought, if it was for sale, it could be bought for around $6,500, and she said she would be interested if it could be purchased at that price. They then went to Fulmore's office, and Fulmore called Caswell's office on the telephone, and talked to Caswell's auditor. The auditor stated that a contract for the sale of the property had been made, but not consummat-

ed, but that it might be purchased through an arrangement with the buyer. Mrs. Johnson then returned to her home in Round Rock, having told Fulmore, to quote his language, "that, if I could get that for $6,500, she would be very much interested in it, and that she would have her husband to come to Austin right away to inspect it." Two days later Fulmore, after some negotiations with Caswell's auditor, obtained what he termed a verbal option on the property at $6,500, and thereupon wrote Mrs. Johnson the following letter:

"I have just had a talk with Mr. Caswell's agent, who tells me there is a likelihood of a chance to get the ten-acre tract we looked out in Ridgetop for $6,500, subject, of course, to your inspection. This will have to be done without delay, so I thought possibly, if convenient for you all to come over to-morrow, there would be a chance of your getting this tract. However, Mr. Caswell would have to get an offer from you all before he would make a trade with the man now under contract to buy. I merely write this not to hurry you in the least, but only to let you know. While over here you all could also look around at other pieces of property, if you so wished."

There were no other communications between Fulmore and either of the Johnsons until after Mrs. Johnson had purchased the property from Caswell's vendee, on February 19, 1925.

· Under the holding in Dunn v. Price, 87 Tex. 318, 28 S. W. 681, we think the testimony of Fulmore himself as to the conversation between him and Mrs. Johnson falls short of evidencing an agreement on her part to employ him as her agent for the purchase of the property, or to pay him a commission for his services. Mrs. Johnson went to Fulmore's office for the purpose of making an investment through him as agent of the owner, and not as her agent. The fact that he finally showed her property that was not listed with him, but which he testified was listed generally, and that he interested himself to the extent of inquiring from the owner whether it could be bought for a stated price, would not "clearly imply" that he would expect a commission from her, if she bought the property at the price indicated. To paraphrase the language of Dunn v. Price, there was no express promise of Mrs. Johnson to pay a commission, nor do we think one can be clearly implied from the language used. And this seems to be the test laid down in that case. It is not at all improbable that Mrs. Johnson may have assumed that Fulmore would arrange to get his commission from the seller, as is usual in real estate commission cases. It would have been a simple thing for Fulmore to have stated to Mrs. Johnson that he would expect a commission

in case she purchased the property, if that was in fact his intention. But there is not an intimation in what he testifies he told her that he would expect from her anything for his services.

The trial court's judgment is affirmed. Affirmed.